PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE _Eastern_ DISTRICT OF TEXAS
### _Sherman_ DIVISION

Andrew James Swetland, #407806
Plaintiff's Name and ID Number

Collin County Detention Facility
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

Collin County, TX,
Defendant's Name and Address
C/o Collin County Clerk
2300 Bloomdale Rd, Suite 2106
Defendant's Name and Address

McKinney, TX 75071
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✔ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit:_____

        2.  Parties to previous lawsuit:

            Plaintiff(s)_____

            Defendant(s)_____

        3.  Court: (If federal, name the district; if state, name the county.)_____

        4.  Cause number:_____

        5.  Name of judge to whom case was assigned: _____

        6.  Disposition: (Was the case dismissed, appealed, still pending?) _____

        7.  Approximate date of disposition:_____

II.    PLACE OF PRESENT CONFINEMENT: _Collin County Detention Facility_

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ✓YES    ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _Andrew James Swetland._
_Andrew Swetland, 407806.    4300 Community Ave._
_Collin County Detention Facility    McKinney, TX 75071_

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _Collin County, TX    2300 Bloomdale Rd McKinney, TX 75071_
_c/o Collin County Clerk    ~~Suite 2100~~ Suite 2106_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_—See attached pages 2 ~~5~~ 14th Amendment Due Process violation_
_due to 10-month Denial of assistance esa pretrial disabled Veteran for assistance with applying for federal benefits,_

Defendant #2: _and 1st Amendment Free Speech violation, equal protection and_
_Rehabilitation Act and ADA violations, 6th and 14th Amendment violations._

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #3: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #4: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #5: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

3

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1) As a disabled military veteran and a pretrial detainee in Collin County Detention Facility I have been denied my 14th Amendment Due Process, and equal protection rights under color of law due to pretrial detention conditions which amount to punishment, in violation of Texas minimum jail standards, and intentionally discriminated against as a disabled person by the Collin County Sheriff, and Jail Administrator, due to the consistent official policy, custom, or persistent, widespread practice of his employees in the jail, including both Sheriff staff and privately County-contracted jail medical staff of the company "Wellpath, LLC" in violation of Rehabilitation Act of 1973 and ADA as well. Texas Government code 511.009(a)(17) and the minimum jail standards as set forth to "each Sheriff by the Texas Commission on Jail Standards require the Sheriff to... (continued on pages 2 and 3) (and 4 and 5)

VI.   RELIEF:

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

- See attached page 5

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Andrew James Swetland

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

Collin County SO# 407806

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  ✓ NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.   Court that imposed sanctions (if federal, give the district and division):_____

2.   Case number:_____

3.   Approximate date sanctions were imposed:_____

4.   Have the sanctions been lifted or otherwise satisfied?                         ____YES  ____NO

4

C.  Has any court ever warned or notified you that sanctions could be imposed?     _____ YES  ✓ NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that issued warning (if federal, give the district and division):_____

    2.  Case number:_____

    3.  Approximate date warning was issued:_____

Executed on: _7/8/25_
            DATE

                                                  (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___18nd___ day of ___July___ , 20 _25_ .
                (Day)             (month)          (year)

                                                  (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

I. Statement of Claim (continued)

(A) "Investigate and verify the veteran status of prisoners" and (B) "'assist' prisoners who are veterans in applying for federal benefits ~~and~~ or compensation for which the prisoners may be eligible under a program administered by the U.S. Department of Veterans Affairs," including the Disability compensation program.

Since 8/28/24, over a 10-month period, I have been denied in over 29 separate incidents in my verbal and written requests to at least 6 officers, 5 departments, the supervisors thereof, Wellpath Staff, and my local grievances from simply having blank claim forms ~~forms~~ for Disability Compensation printed for me from www.VA.gov, denied from attending simple videoconference calls on the computer with VA disability examiners, or with my private medical providers pursuant to gathering medical evidence for my disability claims, denied permission for my mother to mail me the blank forms, denied permission for my mother to hand-deliver the blank forms to me via personal visitation, or by hand-delivering them at the Bonds Window via Sheriff staff, and a Sheriff "supervisor" never returned a call to my mother's requests for assistance in this matter.

To date, I have exhausted at least 4 relevant administrative grievances under the local grievance procedure, including ones dated 2/13/25, 2/20/25, 6/25/25, and 6/28/25, plus others under the prior provider's digital grievance system. Written responses to my requests and grievances have included "File a grievance," "this is not allowed," "the Inmate system is not set up for that," "Medical does not approve this," "While you are at this facility, you may only be seen by the providers here," and "...Unfortunately everyone is just following policy and procedures," and verbally, "No, don't even go there, don't even try." This represents a discriminatory official policy of not assisting disabled veterans in applying for federal benefits and compensation under VA programs as required by law.

As a result of this Unconstitutional deprivation of liberty and purposeless, arbitrary punishment, my family and I have been forced to go to extraordinary and burdensome lengths and incur personal cost in order to prepare and file my VA disability claims for my service-connected PTSD and Insomnia, and I have been unable to prepare suitable medical evidence for my Migraines within a 5/14/25 filing deadline which would have ...

—continued on Page 3—

Section 1983
complaint

- Page 3 of 5 -

V Statement of claim 1) (continued)

...entitled me to 14 months of backpay and monthly disability compensation in perpetuity for this disability. I also missed attending a 5/30/25 disability exam by computer videoconference call, which was specifically cited by the VA as a "veteran no-show" and as the material reason for the 6/2/25 denial decision of my PTSD claim, resulting in the loss of 14 months of backpay and monthly compensation in perpetuity for this disability as well. This resulting VA denial decision has also deprived me of lifetime VA medical coverage, treatment, and care, and benefits, due to unconstitutional conditions of confinement which are below the relevant state TCJS minimum jail standards. Furthermore, the Programs department room contains twelve computers with web cameras which are used weekly for inmate videoconference calls for a business re-entry "box trucking business" program, which often sit unused and available throughout the week, but will not permit me to use one for a simple, prescheduled 30-minute VA disability exam call, which is an essential and mandatory step in the application process for federal VA Disability compensation and benefits. This is a completely arbitrary restriction, as well as discriminatory policy. There is no rational, legitimate penological or administrative goal or governmental interest or purpose for this restriction on my freedom to act on my own behalf, nor for allowing some inmates access to video calls for entrepreneur programs but not others for reasons of disabilities. I have made numerous requests for this for nearly 11 months.

2) The above official policy, custom, or pattern and practice also inherently represents an unconstitutional imposition by the state on my 1st Amendment right to free speech, in refusing my requests to attend and speak to a federal VA examiner by a brief videoconference call on my own behalf, or to print relevant VA forms.

3) Under Section 504 of the Rehabilitation Act of 1973, this is both intentional discrimination against me as a disabled individual and a failure to make reasonable accommodation for my disabilities. On 7/2/25, I made a direct request finally to Officer Pope in the Programs department, exchanging as follows: (continued on page 4)

V Statement of claim (continued)

... "I heard you're doing video calls on these computers for the "Box Truck Business" program." "No, don't even go there." "I just want to request to attend my VA disability exam on video for my PTSD." "No, don't even go there, don't even try." I suffer from diagnosed tinnitus, insomnia, Bipolar Disorder Type 1 with psychotic features, Social Anxiety Disorder, and PTSD. I made CCDF staff aware of my disabilities upon intake in late August 2024, for which Wellpath staff administer Ability and Zoloft daily, as well as my veteran status, and have discussed them at length with many Sheriff and Wellpath staff. My requested accommodations would not impose undue financial burden, administrative burden, or fundamentally alter the nature of a program, service, or activity. Defendant receives federal financial assistance.

4) The points of cause #3 also likewise make defendant liable under Title II, the Americans with Disabilities Act, for disability discrimination and failure to accommodate, due to deliberate indifference as described herein.

5) These actions also infringe my 6th and 14th Amendment rights to due process, access to the courts, and effective assistance of counsel, by creating undue State interference with my communications with a federal governmental agency in the course of mounting my criminal defense. My trial is currently scheduled for 10/6/25, in less than 3 months time. As noted in Taylor v Sterrett, 532 F.2d 462, 1976 US App (5th Cir. Tex. 6/1/1976), "the status of the right of access to the courts is a corollary of the constitutional guarantee of due process of law... Although not in as direct a fashion as these 'legal' agencies [ie courts, attorneys, prosecuting attorneys, and parole or probation officers], [other governmental] agencies may also bear a relationship to legal proceedings involving prisoners. They are, for instance, often sources of important information, financial support for families during incarceration, or post-release assistance." Indeed, all three of these concerns are implicated in my ~~VA~~ VA disability claims. My private PTSD diagnosis, and potential pretrial disability Award by the VA, bears a direct connection to potential trial defenses, income during incarceration, and post-release assistance. (continued on page 5)

**V Statement of claim (continued)** The censorship of my timely communications with the VA precludes the timely development of relevant exculpatory defensive evidence from an official source agency of the federal government. The VA only performs these exams in person or by video conference calls.

Importantly, nowhere in my complaint do I assert a general constitutional right to computer access or unrestricted video conference calling as a pretrial detainee; only to due process, equal protection, freedom to communicate w. the federal agency by reasonable accommodation, access to the courts, effective assistance of counsel, and protection from disability or class discrimination and failure to accommodate.

**VI Relief** I seek declaratory and injunctive relief, nominal damages for constitutional violations, special damages including $53,706.24 for lost income for the lost backpay and $823 for expenses, damages for lost disability income of periodic payments monthly and in perpetuity equivalent to the federal VA Disability annual rates for monthly payments to a 100% disabled veteran, damages for lost services and support for a lifetime of VA medical coverage, treatment, and care, damages for inconvenience and loss of enjoyment of life and daily activities, pre- and post-judgement interest until paid, court costs, and any other relief the court finds necessary.