IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ANDREW JAMES SWETLAND,    §
   #407806    §
   §
v.    §    CIVIL NO. 4:25-CV-00785-BD
   §
COLLIN COUNTY, TEXAS    §

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Andrew James Swetland filed a civil-rights action under 42 U.S.C. § 1983. Dkt. 1. The action was assigned to me in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. Dkt. 2. Swetland consented to have a magistrate judge conduct all proceedings. Dkt. 6.

On August 8, 2025, the court ordered Swetland to pay an initial partial filing fee of $25.20 within 30 days from the receipt of the order. Dkt. 8. He failed to comply with that order and, as such, has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Swetland has failed to comply with the court's order. Therefore, the case will be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

It is **ORDERED** that the case is **DISMISSED** without prejudice. Fed. R. Civ. P. 41(b).

So **ORDERED** and **SIGNED** this 19th day of September, 2025.

_____
Bill Davis
United States Magistrate Judge