IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANDREW JAMES SWETLAND, §<br>    #407806    §<br>    §<br>v.    §    CIVIL NO. 4:25-CV-00785-BD<br>    §<br>COLLIN COUNTY, TEXAS    § | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Andrew James Swetland filed a handwritten document that the court will treat as a petition for a writ of mandamus under 28 U.S.C. § 1361. Dkt. 13. The action was assigned to me in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. Dkt. 2. Swetland consented to have a magistrate judge conduct all proceedings. Dkt. 6. The petition will be dismissed for lack of jurisdiction.

Swetland asks the court to compel employees at the Collin County Detention Center "to transmit [his] initial partial filing fee of $25.20 to the court." *Id.*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (quoting U.S. Const. art. III, § 2). And "an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Id.* at 90–91 (quotation marks omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 91 (quotation marks omitted).

The court has now received the initial partial filing fee of $25.20, so Swetland's petition does not present a live issue for the court to resolve. Additionally, a federal district court does not have jurisdiction to issue a writ of mandamus to a state or county actor or agency. *See Moye v. Clerk,*

*DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (holding that federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought). That means Swetland's request for mandamus relief against a county actor or agency cannot be granted.

It is **ORDERED** that Swetland's petition, Dkt. 13, is **DISMISSED** for want of jurisdiction.

So **ORDERED** and **SIGNED** this 19th day of November, 2025.

_____
Bill Davis
United States Magistrate Judge