# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **ANDREW JAMES SWETLAND,** § | |
| #02585014 § | |
| § | |
| v. § | CIVIL NO. 4:25-CV-785-BD |
| § | |
| **COLLIN COUNTY, TEXAS** § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Andrew James Swetland filed a civil-rights action under 42 U.S.C. § 1983. The action was assigned to me, Dkt. 2, and Swetland consented to my conducting all proceedings. Dkt. 6.

On December 2, 2025, the court ordered Swetland to file an amended complaint on the standard § 1983 form no later than Monday, December 29, 2025. Dkt. 22. He failed to comply with that order and, as such, has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962); *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Swetland has failed to comply with the court's order. Therefore, the case will be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

It is **ORDERED** that the case is dismissed without prejudice.

So **ORDERED** and **SIGNED** this 7th day of January, 2026.

_____
Bill Davis
United States Magistrate Judge